OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Toledo Bar Association v. Sanders.
[Cite as Toledo Bar Assn. v. Sanders (1994),     Ohio St.3d          .]
Attorneys at law -- Misconduct -- Indefinite suspension until respondent fully complies with registration requirements of court, then one-year suspension stayed with conditions -- Dishonest conduct -- Conduct prejudicial to the administration of justice -- Conduct adversely reflecting on fitness to practice law -- Neglect -- Failing to carry out contract of employment -- Prejudice or damage to a client -- Failure to cooperate in investigation of client grievances.
(No. 91-1763 -- Submitted December 15, 1993 -- Decided April 20, 1994.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 91-06.

In an amended complaint filed April 1, 1991, relator, Toledo Bar Association, charged respondent, Daniel J. Sanders of Toledo, Ohio, Attorney Registration No. 0008953, with disciplinary infractions related to seven clients. Respondent never answered that complaint, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court found relator's motion for a default judgment to be well taken. Based on accompanying affidavits, the panel found respondent had violated DR 1-102(A)(4)(dishonest conduct), 1-102(A)(5)(conduct prejudicial to the administration of justice), 1-102(A)(6)(conduct adversely reflecting on fitness to practice law), 6-101(A)(3)(neglect), 7-101(A)(2)(failing to carry out contract of employment), and 7-101(A)(3)(prejudice or damage to a client). The panel recommended a one-year suspension.

In August 1991, the board adopted the panel's findings of fact and conclusions of law. However, the board recommended an indefinite suspension because respondent never explained his "aggravated pattern of lying to clients on repeated occasions." The board found "no mitigating evidence."

In October 1991, respondent objected to the board's recommendation and requested a remand. The parties stipulated

to additional evidence, and relator supported a remand.  In January 1992, we remanded the case to relator.  We ordered relator to monitor respondent's practice of law, secure an independent psychiatric evaluation of respondent, consolidate all pending charges, and report on any needed restitution.  See Gov. Bar R. V(23), now V(9); Toledo Bar Assn. v. Sanders (1992), 62 Ohio St.3d 1505, 583 N.E.2d 1317.  Relator complied with this order.

Relator filed a consolidated complaint in September 1992.  The complaint charged that respondent failed to properly handle three probate matters.  In 1981, a widow paid respondent $2,000 to handle her husband's estate, but respondent failed to do so diligently.  In 1991, that client hired another attorney who filed an estate inventory, transferred title to the marital residence, and completed the administration.

In handling an estate in 1988 through 1990, respondent claimed in court documents that four creditors were paid when they were not; he filed late a fiduciary account that the fiduciary never saw; and he delayed for almost a year, in the face of repeated requests, the transfer of title of an automobile, the estate's only asset.

While representing the creditor of an estate, respondent failed to file his client's claims on time.  When the administrator denied the claims, respondent promised to file suit but did not.  Respondent ignored repeated efforts by his client to discuss the matter.  As a result of his neglect, his client lost at least $2,000.

In handling a stepparent adoption, the complaint alleged respondent had assured his client in March 1987 that he had filed the adoption petition.  In fact, respondent did not file the petition until February 1989.  As a result of the delayed filing, the stepparent chose to stop the adoption because the child was almost twelve years old, by then, and would have to be informed of the adoption.

In a divorce case, respondent failed to perform promised legal services and repeatedly ignored his client's attempts to talk with him.  When respondent finally did talk with his client, he falsely told him that he had negotiated a favorable settlement at a hearing.  In fact, that hearing had been postponed, and respondent had never contacted opposing counsel.  Respondent neglected another client's visitation and support case and ignored at least fifty telephone calls from her.  He also neglected to assist her in closing a land contract.

The complaint asserted that respondent undertook in 1986 to represent a client in collection matters, but failed to file ten lawsuits as promised, and failed to return the collection files to his client, despite repeated requests.  Respondent assured a home-owning couple that he would file suit because of a defective septic system.  Respondent neither filed suit nor responded to his clients' attempts to reach him.  From another client, respondent received $1,475 to file two separate lawsuits.  Again, respondent neither filed the suits nor explained to his client why he had not done so.

The complaint also asserted that respondent failed to cooperate with relator's investigation of three client grievances, thereby violating Gov. Bar R. V(5)(a), now V(4)(G).

In December 1992, we granted a joint motion for rehearing

and vacated a previous opinion. We remanded the cause to relator and the board to consider the cause further, including the complaints and recommended disposition. Relator was to continue to monitor respondent's practice. Toledo Bar Assn. v. Sanders (1992), 65 Ohio St.3d 1481, 604 N.E.2d 757.

The panel on remand recommended a one-year suspension, to be stayed for a year upon conditions. Relator had recommended the same punishment. The panel noted that since September 1991, respondent had regularly received psychotherapy from a clinical psychologist, Dr. Hy Kisin. Dr. Kisin reported respondent suffered from depression, but is now "more focused, better able to concentrate, and better able to handle his cases in a timely fashion." An attorney appointed to monitor respondent's practice reported that a review of his client files revealed respondent "was timely corresponding and communicating with his clients." Respondent had also made restitution to four clients in the amount of $6,150, which "included any amounts due in the consolidated complaint." No recent complaints of neglect had been filed against respondent.

The panel recommended that, as conditions of staying the one-year suspension, respondent "continue receiving psychological treatment from Dr. Kisin and continue to cooperate fully" with the monitoring of respondent's practice. The board adopted the amended findings, conclusions and recommendation of the panel and further recommended costs be taxed against respondent.

John L. Straub and David F. Cooper, for relator.
N. Stevens Newcomer and C. Thomas McCarter, for respondent.

Per Curiam. We agree with the board's findings and recommendation. Accordingly, respondent is suspended from the practice of law in Ohio for one year, but that suspension is stayed for a period of one year upon the conditions recommended by the board, and upon the further condition that the psychological treatment and the monitoring are for the duration of the stayed suspension. However, upon further review, we find that respondent is not in compliance with the registration requirements of this court. Accordingly, respondent is suspended indefinitely until he fully complies with the registration requirements of this court. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.